[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action against the defendant in two counts, one in misrepresentation and one for unjust enrichment. The plaintiff claims that the defendant represented that it was selling two pieces of property 455 and 461 Williams Street in New London. After the purchase of both properties, the plaintiff did not get title to 455 Williams Street and only obtained title to 461 Williams Street. The defendant although it claimed to be foreclosing a mortgage on both properties at a prior time and had both properties appraised for a total of $210,000, did not have a mortgage interest for any interest in 455 Williams Street. Accordingly, the plaintiff was sold two properties and paid for two properties, but only received 461 Williams Street. He made improvements on 455 Williams Street, believing he was the owner in the amount of $28,000. However he did obtain income from that property in the amount of $5,800. He therefore lost a net of $22,640. The appropriate measure of damages would CT Page 4283 be the value of the property at 455 Williams Street. However, the plaintiff never obtained an appraisal of that property and has failed to prove by way of damages what the value of the property he did not receive was. Accordingly, the court cannot award damages for that.
The defendant claims that it did not make any false representations. Also, the agreements contained numerous and comprehensive disclaimers because of which the defendant claims the buyer could not reasonably rely upon any information by Ocwen that they owned both properties and were selling both properties. The defendant claims that the plaintiff had to do diligence, not only on the properties' condition, but also on the title. He should have had counsel, his contract said that he had counsel, and he would save the expense to his detriment. The defendant claims that the plaintiff failed to prove damages and that there were in effect no damages to which the plaintiff is entitled.
The court rejects those defenses and finds that although Ocwen did not realize that it did not have ownership of 455 Williams Street, it certainly misled the plaintiff into believing it did and it collected $210,000 for both pieces of property. Since the plaintiff did not get 455 Williams Street, the proper measure of damages would have been the value of 455 Williams Street at the time of closing.
The plaintiff claims to have obtained various estimates of the value of that property, however, those estimates were not through an appraiser, but through the testimony of a witness who said that the asking price was $69,900.
The court cannot accept that testimony as the value of the property since it was only an asking price.
Accordingly, the court awards damages to the plaintiff in the amount of $22,642, the cost of repairs less the value of the income obtained for the property at 455 Williams Street after the plaintiff obtained title.
________________________________________ D. Michael Hurley, Judge Trial Referee